UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

B.T., by and through her mother and legal
guardian, Robin T., and A.G., by and
through his mother and legal guardian,
Susel S.,

      Plaintiffs,

v.                                                                           Case No.: 4:22-cv-212-MW-MJF

Simone Marstiller, in her official
capacity as Secretary for the Florida
Agency for Health Care Administration,

      Defendant.
_____/

## PLAINTIFFS' UNOPPOSED MOTION TO PROCEED ANONYMOUSLY

      Plaintiffs, B.T. and A.G., by and through their undersigned counsel, seek leave for an order from this Court to proceed anonymously with their complaint and to file the name of the minor Plaintiffs and their parent guardians under seal. In support, Plaintiffs state:

      1.     Plaintiffs brought this action to remedy Defendant's violation of federal Medicaid law. (Dkt. #1)

      2.     Plaintiffs are minor children.

3.      Due to the nature of the complaint, Plaintiffs must provide significant details about their health information including information about their complex medical conditions and disabilities.

4.      The last names of their legal guardians, Robin T. and Susel S., will reveal the identity of minor Plaintiffs, so the legal guardians also seek leave to proceed anonymously.

5.      To eliminate any prejudice to Defendant, on June 3, 2022, and on June 21, 2022, Plaintiffs disclosed their identities to Defendant through Defendant's counsel.

6.      <u>Certificate of Counsel Pursuant to N.D. Fla. Loc. R. 7.1(B)</u>: Pursuant to Local Rule 7.1(B), the undersigned has conferred with counsel for the Defendant on June 28, 2022 and is authorized to represent that the Defendant does not oppose the entry of an order granting this motion.

**MEMORANDUM OF LAW**

Generally, every pleading filed in federal court must contain the names of all parties. *See* Fed. R. Civ. P. 10(a). However, where a party possesses a substantial privacy right that outweighs the presumption of judicial openness in a federal civil lawsuit, then the court may exercise its discretion to allow the party to proceed anonymously. *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir. 2011) (citing *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992)). A court should carefully

review all circumstances of a given case and then decide whether the customary practice of disclosing the party's identity should yield to the party's privacy concerns. *Southern Methodist University Ass'n of Women Law Students v. Wynn & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).

In weighing those concerns, courts have identified and examined a variety of factors depending on the nature of the case. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). In the instant case, several factors are relevant. First, when determining whether a party may proceed anonymously, a factor weighed by the court is whether the opposing party is a governmental entity. *Southern Methodist*, 599 F.2d 707 at 713. This factor is relevant because, unlike private parties, governmental entities lack the same interest in protecting their reputation from possibly damaging allegations. *Id.*

Second, courts sometimes weigh whether plaintiffs will be compelled to disclose information of the "utmost intimacy." *Plaintiff B.*, 631 F.3d at 1316. To determine whether information is of the utmost intimacy, the court may guide its decision by looking to the confidentiality laws and rules of the state. In *M.J. v Jacksonville Housing Authority*, No. 11-CV-771-J-37 MCR, 2011 WL 4031099, *2 (M.D. Fla. September 12, 2011), the court found that plaintiff's juvenile arrest report, which would be at direct issue in the litigation, was information of the "utmost intimacy" because, in part, it was confidential under state law. Similarly,

3

in *Doe v. Stegall*, although the court did not tie it to the factor of utmost intimacy, the court observed that minor plaintiffs should be given leave to proceed anonymously because state law shielded "the identities of child-litigants from public disclosure in certain circumstances." 653 F.2d at 186.

Finally, the court can consider whether the interests of minor children are involved. *Plaintiff B.*, 631 F.3d at 1316; *see also*, *Doe v. Hartz*, 52 F. Supp. 2d 1027, 1047 (N.D. Iowa 1999). Customarily, courts will allow plaintiffs to proceed anonymously where the interests of minor children are at stake. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) (observing that fictitious names are allowed when necessary to protect children's privacy).

A parent of the minor child, who is named in the litigation, may also be given leave to proceed anonymously to protect the identity of the minor. *D.L. and K.L. ex rel. Phan L. v. Bateman*, No. 12-CV-208-32 JBT, 2012 WL 1565419, *2 (M.D. Fla., May 2, 2012) (legal guardian may proceed anonymously where the "public disclosure of their identities would nullify any privacy protection given to their children alone") (citations omitted); *see also*, *e.g.*, *Doe v. Stegall*, 653 F.2d at 186 (permitting minor children and their mother to use fictitious names as minor children are more vulnerable to potential harassment or violence against the family); *see also*, *Doe v. Banos*, 713 F. Supp. 2d 404, 407 (U.S.D.C. N.J. 2010) (stating that the pseudonym of father and daughter was "used to protect the identity

4

of a 15-year-old minor."); *see also*, *Sims v. Lakeside School*, No. 06-1412 RSM, 2007 WL 4219347, *1 (W.D. Wash. November 28, 2007) (finding that minor names and the names of the parents deserved use of pseudonym to protect the interests of the minor children involved and that there is a strong public policy in favor of protecting the identity of children). *But see C.H. v. Sch. Bd. of Okaloosa Cnty.*, Fla., No. 3:18-CV-2128-MCR-CJK, 2018 WL 11267720, *2 (N.D. Fla. Dec. 7, 2018) (refusing to grant anonymity to minor plaintiff's parents because there was no evidence they would encounter harassment or violent retaliation from the community in response to their behaviors or beliefs).

    Defendant, a government agency, will not be prejudiced by Plaintiffs' proceeding anonymously. In this suit, Defendant Marstiller is named solely in her official capacity as Secretary of the Agency for Health Care Administration. Like any government agency representative, Defendant does not have an interest in protecting her reputation from potentially damaging allegations. *Southern Methodist*, 599 F.2d at 713. Furthermore, as stated above, Plaintiffs have disclosed to Defendant the identities of Plaintiffs and their parent guardians and will make every effort to ensure that Defendant has the necessary identifying information so that she can proceed with her defense without prejudice.

    As a result of the claims presented in this case, namely whether Defendant's denial of medical services to Plaintiffs violates federal Medicaid law, the

proceedings will involve a significant amount of health information that is of the "utmost intimacy." Additionally, court procedures and statutory law are designed to protect both the privacy of minors. The Northern District of Florida, in accordance with Fed. Rule Civ. P. 5.2(a)(3), requires that minor children only be identified by their initials in court filings. *See* Notice Regarding Change in Redaction Procedures, N.D. Office of the Clerk (July 19, 2006).

Finally, there is a strong public policy interest in allowing minor plaintiffs, like B.T. and A.G., to protect their identity because of their age. *Plaintiff B.*, 631 F.3d at 1316; *Doe v. Hartz*, 52 F. Supp.2d at 1047; *see also*, *D.L.* 2012 WL 1565419 at *2 (the fact that the plaintiffs were minors "weigh[ed] heavily in favor of granting the motion" to proceed anonymously). Since B.T. and A.G. can be identified by the full name of their parents and legal guardians, through which they bring these claims, it is also within the public interest to allow the legal guardians to proceed by last initial to protect the privacy of their children. *Doe v. Banos*, 713 F.Supp 2d at 407; *Sims*, 2007 WL 4219347 at *1; *D.L.*, 2012 WL 1565419 at *2.

A review of all the circumstances of the Plaintiffs' case establishes that the Plaintiffs' substantial privacy rights outweigh the presumption of openness in judicial proceedings. *Southern Methodist*, 599 F.2d at 713. To protect these interests, the Plaintiffs and their parent guardians therefore seek leave from this Court to proceed anonymously.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant their Motion to Proceed Anonymously.

Respectfully submitted this 28th day of June 2022.

*/s/ Katy DeBriere*
Katherine DeBriere

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of June 2022, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel or record.

*/s/ Katy DeBriere*
Katherine DeBriere

Fla. Bar No.: 58506
**Florida Health Justice Project**
3900 Richmond St.
Jacksonville, FL 32205
Telephone: (352) 278-6059
debriere@floridahealthjustice.org