UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| B.T., et al., )<br>  Plaintiffs, )<br> )<br> v. )<br> )<br>Simone Marstiller, )<br>  Defendant. ) | Civil Action No. 4:22-cv-212-MW-MJF |

**REPORT OF THE PARTIES' PLANNING MEETING**

1. The following persons participated in a Rule 26(f) conference on July 8, 2022, in person and by telephone:

    Katy DeBriere, appearing in-person, representing the Plaintiffs

    Sarah Somers, appearing by telephone, representing the Plaintiffs

    Erik Figlio and Alexandra Akre, appearing in-person, representing the Defendant

2. Initial Disclosures. The parties will complete the initial disclosures required by Rule 26(a)(1) by July 22, 2022.

3. Discovery Plan. The parties propose the following discovery plan:

    (a) Discovery will be needed on these subjects:

    Plaintiffs: all matters related to the claims in Plaintiffs' complaint including the method Defendant uses to authorize pediatric speech therapy for Medicaid managed care enrolled children.

    Defendant: In addition to the discovery identified by Plaintiffs, Defendant anticipates needing discovery related to the affirmative defenses raised by Defendant.

(b) The Parties used the Planning Meeting to discuss the scope of discovery. Accordingly, discovery will commence within 2 weeks of the dates of this planning meeting.

(c) The Parties request that the discovery deadline, other than depositions of expert witnesses, be October 13, 2022. The deadline for expert witness depositions will be November 4, 2022.

(d) The maximum number of interrogatories by each party to another party and the deadline for responses to those interrogatories shall be consistent with Fed. R. Civ. P. 33.

(e) The maximum number of requests for admission and the deadline for responses to those requests shall be consistent with Fed. R. Civ. P. 36(a)(1) and (b)(2).

(f) The maximum number of depositions by each party shall be consistent with Fed. R. Civ. P. 30(a)(2)(A)(i).

(g) The maximum length of depositions by each party shall be consistent with Fed. R. Civ. P. 30(d)(1).

(h) The Parties will likely request and produce information from electronic and computer-based media. The production will be limited to data reasonably available to the parties in the ordinary course of business and will be disclosed in a manner otherwise consistent with Fed. R. Civ. P. 34(b)(2)(E). The Parties agree to accept service of discovery via electronic mail. The Parties do not anticipate any problems will arise in connection with electronic discovery.

(i) The date for Plaintiffs' filing any expert reports is September 14, 2022. The date for Defendant filing any expert reports is October 14, 2022. Plaintiffs will have the opportunity to file a rebuttal report no later than 10 days after Defendant serves Plaintiffs with its expert report(s).

(j) The Parties will supplement disclosures and responses to

       interrogatories, requests for production, and requests for admission in a timely manner in accordance with the Fed. R. of Civ. P. 26(e) and no later than October 13, 2022.

4. Other Items

    (a)    The Parties have conferred regarding their willingness to consent to magistrate judge jurisdiction.

    (b)    The Parties do not currently believe that this case should be made subject to the Manual for Complex Litigation.

    (c)    If the Court adopts the plan put forth by the parties, no meeting with the Court is considered necessary before the scheduling order issues.

    (d)    The final date for the Plaintiffs to amend pleadings or join parties will be in accordance with the Court's Initial Scheduling Order. (Doc. 8)

    (e)    The final dates to file dispositive motions shall be December 2, 2022. This date is 29 days past the 21 days set forth in the Court's Initial Scheduling Order. (Doc. 8). The Parties believe that, if not settled, this matter will most likely be resolved on summary judgment. The Parties therefore request a short extension of time to file summary judgment motions to ensure that the motions best present the issues and arguments to be decided by the Court.

    (f)    Both parties are amenable to the prospect of settling this case.

    (g)    The Parties could not identify any alternative dispute resolution procedure that may enhance settlement prospects.

    (h)    The suggested trial date is the week of May 15, 2023, and the estimated trial length is one week. This date is not within 8 months from the date of filing this case for two reasons. First, the Parties retain the discovery deadline set by the Court, other than expert depositions, and suggest a deadline for dispositive motions only 29 days outside that set by the Court in anticipation that this matter will likely be resolved on summary judgment. Second, counsel for

    Defendant will be on medical leave from January 2023 to April 2023.

(i) Mediation must be completed by December 16, 2022.

Respectfully submitted this 15th day of July 2022.

| | |
|---|---|
| */s/Katy DeBriere* | */s/Erik M. Figlio* |
| Katherine DeBriere | Erik M. Figlio |
| FBN: 58506 | FBN: 0745251 |
| Florida Health Justice Project | Ausley McMullen |
| 3900 Richmond St. | 123 S. Calhoun St. (23201) |
| Jacksonville, FL 32205 | P.O. Box 391 |
| (352) 278-6059 | Tallahassee, FL 32302 |
| debriere@floridahealthjustice.org | rfiglio@ausley.com |
| | csullivan@ausley.com |

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on July 15, 2022, on all counsel of record.

            /s/ *Katy DeBriere*
            Katherine DeBriere