IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**B.T., by and through her Next Friend, Robin T.; and A.G., by and through his Next Friend, Susel S.,**

    *Plaintiffs*,

v.                                   Case No.: 4:22cv212-MW/MJF

**Simone Marstiller, in her official capacity as Secretary of the Florida Agency for Health Care Administration,**

    *Defendant.*

_____/

# PROTECTIVE ORDER

This Court has considered, without hearing, the parties' joint motion for entry of stipulated protective order. ECF No. 31. The motion is **GRANTED**. Accordingly,

The Court enters this protective order under Federal Rule of Civil Procedure 26(c) at the Parties' request.

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential information for which special protection from public

1

disclosure and from use for any purpose other than this litigation may be warranted. Accordingly, the parties hereby stipulate to the following Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information that is entitled to confidential treatment. The parties further acknowledge that Local Rule 5.5, Northern District of Florida sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.   DEFINITIONS

The following definitions shall apply to this Order:

A.   "Litigation" shall refer to Civil Action No. 4:22-cv-212-MW-MJF pending in the United States District Court for the Northern District of Florida, any appellate proceedings, and any proceedings on remand.

B.   "Party" shall mean any one of the Parties to this Litigation.

C.   "Parties" collectively shall mean and include each Party to the Litigation.

D.   "Producing Party" shall mean any Party or any other person producing Documents.

E.   "Documents" shall mean all documents produced and information supplied in any form from any Party or non-Party, including but not limited to,

2

documents and information produced by the Parties, disclosed through discovery, disclosed through testimony, or contained in briefs, or other documents filed with the Court, in this Litigation for purposes of discovery or other court proceedings. Documents as used herein is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court, Northern District of Florida. Documents also include interrogatory answers, responses to requests for admission, and deposition transcripts and exhibits, in this Litigation; and any pleading, filing, motion, affidavit, declaration, or brief in this Litigation that quotes or summarizes a Document.

  F. "Confidential Documents" shall mean Documents containing or constituting Confidential Information as defined in Section 3; and any and all copies of Confidential Documents.

3. <u>PROTECTED MATERIALS</u>

  A. The following information is designated as "Confidential Information":

  1. Trade secret information or other confidential research, development, or commercial information protected from disclosure by section 688.02, 812.081, and 815.045, Florida Statutes;

  2. Personally Identifiable Information including, but not limited to (a) the name of an individual, (b) the date of birth of an individual, (c) the social

security number of an individual, (d) the home address of an individual, and (e) the telephone number of an individual;

3. Information relating to an individual's application for or receipt of public assistance protected from disclosure pursuant to applicable Florida or federal "safeguard provisions" including but not limited to 42 U.S.C. § 1396a(a)(7)(A) (prohibiting disclosure of Medicaid applicants' and recipients information); 42 C.F.R. § 431.300 (prohibiting disclosure of Medicaid applicants' and recipients' information); and 45 C.F.R. § 205.50 (prohibiting disclosure of information concerning applicants and recipients of public assistance generally); and

4. Personal Health Information protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104- 191, 110 Stat. 1936 (1996).

B. Information that is required to be made available for public inspection and copying pursuant to the Florida Public Records Act shall not be considered Confidential Information.

C. A Party shall designate information or documents Confidential by stamping or otherwise marking the material prior to production as "Confidential." Where such material is not reduced to documentary, tangible, or physical form, or where it cannot be conveniently labeled, the Producing Party shall designate the

Confidential Documents described by informing the receiving Party in writing of the appropriate designation of such material.

D. The failure to designate Confidential Information shall not constitute a waiver of a Party's later designation of such information as subject to the provisions of this Order, nor shall such a failure alter the Parties' obligations to maintain the information identified in paragraph 3(A) as Confidential Information in accordance with this Order.

4. USE OF CONFIDENTIAL INFORMATION

A. Except as otherwise ordered by this Court, Confidential Documents shall be used solely for the purposes of this Litigation, including trial preparation, and shall not be made available to any person other than to Qualified Persons as defined in Section 5. The receiving Party shall take reasonable measures to ensure that the Confidential Documents are maintained in a manner that precludes access by persons who are not Qualified persons.

B. Nothing in this Order limits the use by any Party of documents or information in the Party's possession that were not obtained through this Litigation, even if such documents or information are Confidential. Also, Confidential Information is not subject to this Protective Order when it is used in the ordinary course of business by the Producing Party in a manner otherwise permitted by law. However, the requirements of Sections 9 and 10 apply to all

Confidential Information, regardless of how it was obtained.

5.  RESTRICTED DISCLOSURE OF CONFIDENTIAL DOCUMENTS

To the extent reasonably necessary for purposes of this Litigation and allowed by law, the Parties and Counsel may provide, disclose, discuss, or otherwise communicate about Confidential Documents, in any form, only to Qualified Persons, as defined as follows:

A.  The Parties' respective counsel of record, which includes any employees or agents of counsel who are acting under the direction and control of such counsel;

B.  The Court and all persons assisting the Court in this Litigation, including clerks or other members or employees of any court of competent jurisdiction over proceedings directly related to this Litigation;

C.  The plaintiffs;

D.  The defendant, including the defendant's current and future employees and agents whose access to Confidential Documents is related to this Litigation;

E.  Mediators involved in the Litigation;

F.  Litigation support services and outside copying services persons, including but not limited to, court reporters, videographers, translators, interpreters, and persons retained for the purpose of producing graphic visual aids;

G. Independent consultants or experts retained in connection with the Litigation by the Parties or the Parties' counsel;

H. Deponents, witnesses, or potential witnesses identified in initial or supplemental disclosures, except that, for purposes of this Paragraph 5, with regard to agreements between health care providers on the one hand, and third-party network entities or health plans on the other hand ("Provider Agreements"), Qualified Persons do not include health care providers or persons acting on their behalf with regard to Provider Agreements to which the health care provider is not a party;

I. Any other person hereafter designated by further order of the Court.

6. ACKNOWLEDGEMENT AND WRITTEN ASSURANCE

A. In no event shall any Confidential Documents be disclosed to any person identified in paragraphs 5(E)–(H) unless and until such person has been given a copy of this Order and has executed the written, dated certificate of compliance attached hereto as "Exhibit A" acknowledging that the person has received and read a copy of this Order and agrees to be bound by its terms.

B. The Parties' counsel shall retain copies of the executed certificates of compliance until this Litigation is concluded. Upon request, counsel shall provide a copy of the certificate of compliance executed by any expert identified under Rule 26 of the Federal Rules of Civil Procedure, provided that the request is after

7

the identification has occurred. Certificates for consulting experts are not subject to production to the other Party, but upon request may be produced to the Court for an *in camera* confirmation of compliance.

7. <u>DESIGNATION OF DEPOSITION TRANSCRIPTS AND EXHIBITS AS CONFIDENTIAL</u>

    A.  Any Party may designate the depositions conducted in this Litigation, the transcripts of those depositions, and the exhibits to those deposition transcripts, or any portion thereof, as Confidential if it constitutes Confidential Information.

    B.  Information disclosed at a deposition may be designated Confidential by indicating on the record at the deposition that the testimony or an exhibit is Confidential. The Confidential designation is made by instructing the court reporter to mark the pages that contain Confidential Information as "Confidential."

    C.  A Party may also designate information disclosed at such depositions as Confidential by notifying the Parties of their designations, in writing within thirty (30) days from that Party's receipt of the deposition transcript and exhibits. Until that thirty (30) day period expires, the depositions, the transcripts of those depositions, and the exhibits to those deposition transcripts, in their entirety, shall be treated as Confidential under the provisions of this Order.

8.  <u>PROCEDURE FOR RESOLVING DISPUTES REGARDING CONFIDENTIAL DESIGNATION AND DISCLOSURE</u>

    A.  If disputes arise to the applicability of this Order to any information

produced by a Party or by a non-Party, such disputes shall be resolved, if reasonably possible, by agreement of the Parties. If the Party receiving Confidential Documents disputes the Confidential designation, that Party shall notify the Producing Party in writing of the dispute and identify the particular documents and information as to which the designation is disputed. If agreement cannot be reached, within fourteen (14) days from receipt of the written notification of the dispute, the Producing Party seeking confidential designation will file a motion to designate documents as confidential. The Parties shall treat documents designated as confidential as Confidential Documents unless and until the Court orders otherwise.

B. The time to file motions described in this Section may be extended by agreement of the Parties. The opposing Party shall file a response within seven (7) days of the filing of the motion. This Order does not extend the time for any Party to respond to a discovery request or alter any other deadlines prescribed by the applicable rules, laws, and orders of this Court.

9. FILING OF CONFIDENTIAL DOCUMENTS

Any Party filing with the Court Confidential Documents that contain Confidential Information described in Fed. R. Civ. P. 5.2(a), shall redact the Confidential Information in accordance with Fed. R. Civ. P. 5.2(a). Any Party filing with the Court Confidential Documents that contain Confidential

Information not described in Fed. R. Civ. P. 5.2(a) but that plausibly qualifies for sealing shall move for leave to file the documents under seal under Local Rule 5.5(C).

10. <u>USE OF CONFIDENTIAL DOCUMENTS AT TRIAL</u>

Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. Any Party that intends to present or anticipates that another Party might present Confidential Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. <u>INADVERTENT DISCLOSURE</u>

A. The inadvertent or unintentional disclosure of Confidential Documents shall not be construed to be a waiver, in whole or in part, of the Parties' claims of confidentiality, either as to specific Confidential Documents or as to other information and documents.

B. If a Party discovers that Confidential Documents previously produced should have been designated Confidential, that Party shall promptly identify the information and/or documents it intends to designate as Confidential and the basis for designation. The information and/or documents shall thereafter

be treated as Confidential in accordance with the provision of this Order. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any documents that were generated based upon such newly designated information are immediately treated as containing Confidential Information.

    C.    If a Party realizes it disclosed Confidential Documents to a person or in a circumstance not authorized, that Party must, within fourteen (14) days from learning of the disclosure, (1) use reasonable efforts to retrieve the Confidential Documents; (2) inform the person to whom the unauthorized disclosures were made of this Order, and request the person execute the certificate of compliance; and (3) notify in writing the Producing Party of the unauthorized disclosure, and the steps taken to retrieve and prevent use of the Confidential Information.

12.    <u>WRITTEN WAIVERS</u>

The Parties may not waive the confidentiality provisions of this Order except to the extent any waiver complies with the law. Any waiver must be explicit and in writing.

13.    <u>AMENDMENTS</u>

This Order may be amended, modified, or supplemented by order of the Court or by the agreement of counsel in the form of a proposed written amendment to the Order. Such proposed amendments shall be submitted to the Court for approval.

14. <u>DISCOVERABILITY AND ADMISSIBILITY</u>

Nothing contained in this Order shall be construed as an admission that any document or information is discoverable or that any document or information, or any testimony relating to such document or information, is or would be admissible as evidence. The Parties retain all objections to the discoverability and/or admissibility with respect to all information and documents.

15. <u>COMPLETION OF LITIGATION</u>

A. Except as set forth below, within ninety (90) days after the final resolution of this Litigation, all Confidential Documents in the possession, custody, or control of any person other than the Producing Party, shall either be returned to the Producing Party or destroyed at the election of the person holding the documents. If destroyed, the person shall notify the Producing Party that the Confidential Documents have been destroyed.

B. All Confidential Documents which are in the possession, custody or control of the Defendant are subject to retention to the extent required by Florida public records laws.

16. <u>RECORDS REQUESTS</u>

If a court or other governmental, regulatory, or administrative entity demands by subpoena, order, or other writing, the disclosure of Confidential

Documents, the party served with such demand shall promptly inform the Parties of the demand and shall comply with any applicable laws.

17. ADDITIONAL INFORMATION

    A. This Order shall continue in effect after conclusion of this Litigation, and the Court retains jurisdiction to enforce it.

    B. If additional persons or entities become parties to this Litigation, the current Parties shall promptly provide a copy of this Order to the new party. The new party shall have fourteen (14) days from the date they receive this Order to file a notice indicating that they consent to being bound by this Order or an appropriate motion requesting modification of this Order. Confidential Documents shall not be provided to new parties until such notice is filed or the Court rules on such motion.

18. DUTY TO COMPLY WITH LAW

    Nothing in this Order shall be construed to exempt the Parties or any person or entity from complying with any local, state, or federal law concerning any Confidential Information.

    **SO ORDERED on September 15, 2022.**

    **s/Mark E. Walker**
    **Chief United States District Judge**

# EXHIBIT A

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**B.T., by and through her Next
Friend, Robin T.; and A.G., by
and through his Next
Friend, Susel S.,**

    *Plaintiffs*,

v.                                                 Case No.: 4:22cv212-MW/MJF

**Simone Marstiller, in her official
capacity as Secretary of the
Florida Agency for Health Care
Administration,**

    *Defendant.*
_____/

**ACKNOWLEDGEMENT AND CERTIFICATE OF COMPLIANCE WITH
<u>STIPULATED PROTECTIVE ORDER</u>**

      I have read, understand, and agree to be bound by the Protective Order Governing Confidential Information (the "Order") entered in the above captioned case. Specifically, I agree that I will not disclose any documents or information referred to as "Confidential Information" and "Confidential Documents" to any person, except as authorized by the Court. I further agree that I will take appropriate steps to maintain the confidentiality of the Confidential Information and Confidential Documents and any documents that quote, paraphrase, or describe any part of the Confidential Information or Confidential Documents. I hereby confirm that my duties under this Acknowledgement shall survive the termination of this case and are binding upon me for all time. I understand that if I fail to abide by the terms of the Order or this Acknowledgment, I may be subject

to liability, including, without limitation, to sanctions under the contempt power of this Court. I hereby consent to the personal jurisdiction of the United States District Court for the Northern District of Florida for the purpose of enforcing the Order and this Acknowledgment.

Date: _____

Printed name: _____

Signature: _____

Party or Entity or Title: _____