UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

B.T., et al.,

    Plaintiff,

v.    Case No. 4:22-cv-212-MW-MJF

Simone Marstiller, in her official capacity
as Secretary for the AGENCY FOR
HEALTH CARE ADMINISTRATION,
    Defendant.
_____/

## CONTESTED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO MOTIONS TO INTERVENE

Plaintiffs B.T. and A.G., move this Court for an order enlarging the time to respond to the motions to intervene filed by HN1, Simply Healthcare Plans, Inc. (Simply), and Sunshine Health State Health Plan, Inc. (Sunshine). (Doc. 40, Doc. 41, & Doc. 42). Plaintiffs request that their responses to these motions be due **December 15, 2022,** and, as support for the requested relief, state:

    1.    In the past week, Plaintiffs have received three separate motions to intervene, each of which present complex issues about contractual relationships between the various entities and the role of Defendant as the single state Medicaid agency. *See* 42 U.S.C. § 1396a(a)(5). (*See* Doc. #40, #41, #42). Plaintiffs need additional time to fully brief these issues.

    2.    In addition, the Thanksgiving holiday is next week and one of the

1

counsel for Plaintiffs will be out of the office for the Thanksgiving holiday, from November 21 to November 25, 2022. The response to HN1's Motion to Intervene (Doc. 40) is due November 25, 2022, which is the day after Thanksgiving.

3. Defendant and Plaintiffs have a formal mediation session for this matter scheduled for November 29, 2022. This is the current due date for Plaintiffs' responses to the Motions to Intervene filed by Sunshine and Simply. (Doc. 41 & 42).

4. On November 10, 2022, in furtherance of this Court's order extending the discovery deadline to January 13, 2023, for the sole purpose of taking the depositions of Plaintiffs' providers and Next Friends (Doc. 39), the parties agreed to schedule the provider depositions for December 9, December 12, and December 19, 2022. Those depositions were noticed on November 10, 2022, and the subpoenas were sent for service that same day. In addition to preparing for mediation and responding to these motions, counsel for Plaintiffs will also be preparing for the provider depositions while meeting their other case responsibilities and management obligations.

5. Also, on November 10, 2022, the parties agreed to the dates of December 6 and December 7, 2022, for the depositions of the Plaintiffs' Next Friends. On November 15 and November 16, Defendant noticed those

depositions. However, on November 17, 2022, after Plaintiffs' counsel requested their position regarding the relief requested herein, counsel for Defendant notified undersigned counsel that they intend to move the deposition dates of Plaintiffs' Next Friends and requested availability between January 2 and January 13, 2023.

6. In response to Defendant's objection as set forth in paragraph 7 *infra*, Plaintiffs state they do not want to move the depositions for the following reasons:

First, as the Court's Order extending discovery contemplates (*see* Doc. 39), the extension of discovery until January 13, 2023, leaves room for "any follow up discovery based on [the provider and Next Friend] depositions." If depositions are all set for the first two weeks of January 2023, this does not leave time for follow up prior to the close of discovery.

Second, as previously stated by both parties (*see* Doc. 19, ¶4(e)), if not settled, this case will likely be resolved on summary judgment. The parties will require the deposition transcripts to finalize summary judgment motions which will, if not expedited, take one to two weeks to receive. This leaves little time to incorporate any deposition testimony into the summary judgment motions before their February 3rd deadline.

Finally, for a previous deposition scheduled on November 4, 2022, counsel

for Defendant experienced a delayed flight that caused the parties to consider the potential need to reschedule the deposition past the original discovery deadline of November 7, 2022. While ultimately the deposition was able to go forward on the scheduled day, the experience showed that scheduling depositions near the close of discovery can create significant problems that may necessitate further continuances that could have been avoided if the depositions were scheduled earlier. Counsel for Plaintiffs provided these three reasons to Defendant in response to their suggestion that the deposition dates be moved to January and Defendant's replied with the below position.

Plaintiffs would also state in response to Defendant's suggestion to move the deposition dates, that there is no guarantee the Court will have reached a decision on these complex and numerous motions to intervene prior to the close of discovery. Moving the dates of non-party depositions where they have been noticed and subpoenas sent for service is a tremendous interruption given the uncertainty of whether an order will issue on any given date.

7. **<u>Local Rule 7.1(c) Certificate of Conferral</u>**. Pursuant to N.D. Fla. Local Rule 7.1(b), undersigned counsel certifies that, on the morning of November 16, 2022, undersigned counsel e-mailed Defendant and the three proposed intervenors and stated the following:

> "We plan to request a continuance to respond to the Motions to Intervene in this matter filed by HN1, Simply, and Sunshine. Our need for an extension of

time to respond is threefold. First, I am out all of next week for the Thanksgiving holiday. Second, given that there are now three pending motions that raise complex issues about contractual relationships and the role of the single state Medicaid agency, we need additional time to properly brief the issues and file the three separate responses. Finally, we are simultaneously preparing for mediation and depositions in this case over the course of the next few weeks on top of our responsibilities for our other cases and management obligations. We're asking that responses to all three motions be due by December 15, 2022. Please let me know if you object. Additionally, we plan to request a hearing as part of our response. Please let me know your position on that as well."

Position of proposed intervenors: In response to the above communication, the proposed intervenors, HN1, Simply, and Sunshine state that they object to the relief requested herein.

Position of Defendant: Counsel for Defendant requested that Plaintiffs include the following objection:

> "AHCA objects to the relief requested in this motion. AHCA believes that the putative intervenors should be given an opportunity to participate in the discovery that is going to take place going forward. The requested extension would all but eliminate this possibility, particularly in combination with Plaintiffs' request for a hearing, as the putative intervenors' motions for intervention will not be before the Court for resolution until all scheduled depositions have concluded and discovery is effectively closed. AHCA suggested that the scheduled depositions be moved to the first two weeks of January in the interest of fairness, but Plaintiffs declined, and, as such, AHCA is compelled to raise this objection."

WHEREFORE, Plaintiffs respectfully request this Court enter an Order enlarging the time to respond to the motions to intervene filed by HN1, Simply Health, and Sunshine Health to December 15, 2022.

Respectfully Submitted this 17th day of November 2022.

*/s/ Katy DeBriere*
Katherine DeBriere

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of November 2022, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Katy DeBriere*
Katherine DeBriere
Fla. Bar No.: 58506
**Florida Health Justice Project**
3900 Richmond Street
Jacksonville, FL, 32205
Telephone: (352) 278-6059
debriere@floridahealthjustice.org