UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

B.T., by and through her mother and legal
guardian, Robin T., and A.G., by and
through his mother and legal guardian,
Susel S.,

      Plaintiffs,

v.                                          Case No.: 4:22-cv-212-MW-MJF

SIMONE MARSTILLER, in her official
capacity as Secretary for the FLORIDA
AGENCY FOR HEALTH CARE
ADMINISTRATION,

      Defendant.
_____/

## JOINT MOTION TO STAY PROCEEDINGS

Plaintiffs B.T., by and through her mother and legal guardian, Robin T., and A.G., by and through his mother and legal guardian, Susel S., and Defendant, Simone Marstiller, in her official capacity as Secretary for the Florida Agency for Health Care Administration ("AHCA"), by and through their respective counsel, files this joint motion to stay the proceedings to effectuate the substance of an agreement reached by the parties through multiple mediation sessions and good faith efforts by undersigned counsel.

1.    Plaintiffs are enrollees in Florida's Medicaid program, which is administered by AHCA in conjunction with private managed care organizations

("MCOs") that were selected by AHCA through a competitive solicitation process. Plaintiffs filed this lawsuit on June 3, 2022, alleging that the MCOs' use of a certain model administered by their subcontractor, Health Network One ("HN1"), to authorize pediatric speech therapy services violates the Medicaid Act and the Fourteenth Amendment to the United States Constitution. In accordance with the Court's Scheduling and Mediation Order (ECF No. 21), the parties attempted to resolve Plaintiffs' claims through mediation on September 28, 2022. Mediation continued on November 29, 2022, and ultimately concluded with a mediated agreement between the parties regarding a pathway towards complete resolution of the case.

2. Without divulging any confidential settlement discussions, the agreement is bifurcated into two parts: an initial phase in which AHCA agrees to implement a series of system-wide changes for the benefit of the Plaintiffs and other enrollees in the program, and then evaluate the results and effectiveness of those changes, and a secondary phase in which the parties will confer about the results of the initial phase, any additional measures that might be taken, and other matters that would result in a final settlement. As part of the initial phase, the parties agree to a specified implementation period followed by a minimum of six-months reporting and regular meetings between counsel to discuss the same.

3. By design, effectuating the parties' agreement will take time. As such,

the parties also agree to a stay of the proceedings at least through and until the completion of the initial phase, which is expected to occur on or before July 1, 2024. The parties anticipate that following this initial phase Plaintiffs will be able to assess whether they are satisfied with AHCA's performance and/or AHCA's agreement to additional measures and other items necessary for complete settlement, such that the action could be dismissed.

4. It is well-settled that "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Edmonds*, No. CV 09-0089-WS-B, 2009 WL 10704665, at *1 (S.D. Ala. May 27, 2009) (quoting *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636 (1997)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Pennsylvania Nat'l Mut. Cas. Ins.*, 2009 WL 10704665, at *1 (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163 (1936)); *see also Hill v. Hoover Co.*, No. 1:06CV96-MCR/GRJ, 2013 WL 12177101, at *1 (N.D. Fla. June 25, 2013) (noting court continued stay of litigation for five years during ongoing settlement discussions).

5. Here, the parties respectfully assert that the balance of equities weigh

in favor of the requested stay. The requested stay is necessary in order to permit AHCA sufficient time to implement the agreed-upon system-wide changes and meaningfully evaluate the effectiveness of these measures and the need for any additional action. Additionally, the stay will avoid the Court unnecessarily expending resources on reviewing any pending or future substantive motions or conducting a trial on matters that may ultimately be resolved through mutual agreement. The parties agree that neither Plaintiffs nor AHCA will be prejudiced by the requested stay.

6. Accordingly, the parties respectfully request that the Court grant a temporary stay of these proceedings but retain jurisdiction. This will allow the parties to focus their efforts on resolution but will allow the case to proceed expeditiously to trial in the event that complete resolution is not reached.

**WHEREFORE** the Parties respectfully request the Court enter an order temporarily staying the proceedings.

Respectfully submitted this 22nd day of December, 2022**.**

| | |
|---|---|
| /s/ *Katherine DeBriere*_____ | /s/ *Erik M. Figlio*_____ |
| Counsel for Plaintiffs | ERIK M. FIGLIO |
| KATHERINE DEBRIERE | Florida Bar No.: 0745251 |
| Fla. Bar No.: 58506 | ALEXANDRA E. AKRE |
| Florida Health Justice Project | Florida Bar No.: 0125179 |
| 126 W. Adams Street | Ausley McMullen |
| Jacksonville, FL 32202 | 123 South Calhoun Street (32301) |
| debriere@floridahealthjustice.org | Post Office Box 391 |
| | Tallahassee, Florida  32302 |

SARAH SOMERS
NC Bar No.: 33165
National Health Law Program
North Carolina Office
1512 E. Franklin St., Ste. 110
Chapel Hill, NC 27514
somers@healthlaw.org

Phone No.: (850) 224-9115
Facsimile No.: (850) 222-7560
rfiglio@ausley.com
aakre@ausley.com
csullivan@ausley.com
nestes@ausley.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on December 22, 2022, on all counsel of record.

/s/ *Erik M. Figlio*
Erik M. Figlio